UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**R. ALEXANDER ACOSTA**, Secretary of Labor,   :
United States Department of Labor,            :
           :
         Plaintiff,       :     CIVIL ACTION
           :
           :
  v.             :     Case No.
           :
**STEVEN RICHARD DEVORE BEST, THE**   :
**NEUROSCIENCE CENTER LLC** and **THE**   :
**NEUROSCIENCE CENTER LLC, DEFINED**   :
**BENEFIT PENSION PLAN,**          :
           :
         Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COMPLAINT

Plaintiff,  R. Alexander Acosta, Secretary of Labor, United States Department of Labor

(the "Secretary"), alleges as follows:

1.     This action arises under Title I of the Employee Retirement Income Security Act

of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary

under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices

which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for

breaches of fiduciary duty under ERISA § 409, 29 U.S.C. §1109, and to obtain such further

equitable relief as may be appropriate to redress and to enforce the provisions of Title I of

ERISA.

2.     This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29

U.S.C. § 1132(e)(1).

3.      The Neuroscience Center LLC, Defined Benefit Pension Plan (the "Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4.      The Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

5.      Venue of this action lies in the Northern District of Illinois pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in Deerfield, Lake County, Illinois, within this district.

## DEFENDANTS

6.      From at least January 1, 2006 through the present, Defendant The Neuroscience Center LLC ("the Center"), an Illinois limited liability company, was the sponsor of the Plan; the Plan Administrator, a fiduciary of the Plan, within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

7.      From at least January 1, 2006 through the present, Defendant Steven Richard Devore Best ("S. Best"), was the 95% owner and sole officer of the Center; the sole trustee of the Plan; a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. §1002(21)(A); and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E), and (H), 29 U.S.C. § 1002(14)(A), (E), and (H).

## PARTIES IN INTEREST

8.      From at least March 28, 2013, through the present, S. Best was the managing member of The Hyperbaric Centers of Chicago, LLC ("HCC") and held at least a 50 percent

ownership interest in this entity. Accordingly, HCC was a party in interest to the Plan as defined in ERISA § 3(14)(G).

9.      From at least January 1, 2014, through the present, S. Best was the managing member of The Greene Family Partners of Illinois, LLC ("GFPI") and held at least a 50 percent ownership interest in this entity. Accordingly, GFPI was a party in interest to the Plan as defined in ERISA § 3(14)(G).

10.     From at least September 4, 2004, through the present, S. Best was the managing member of The Pathfinder Brain SPECT LLC ("Pathfinder") and held at least a 50 percent ownership interest in this entity. Accordingly, Pathfinder was a party in interest to the Plan as defined in ERISA § 3(14)(G).

## COUNT ONE
### (Transfer of Plan Assets to the Center or for the Benefit of the Center)

11.     Paragraphs 1 through 10 above, are realleged and incorporated herein by reference.

12.     The Plan was established by the Center on January 1, 2006 to provide pension and death benefits to eligible employees of the Center. The Center amended and restated the Plan on January 1, 2011.

13.     For the Plan year ending on December 31, 2015, S. Best, signing as Plan Administrator, reported to the federal government that the Plan held $1,044,660 in assets.

14.     As of December 31, 2016, the Plan had $859.89 in assets.

15.     As sole trustee of the Plan, S. Best had the discretionary and signatory authority to receive, manage, and dispose of Plan assets.

16.     During the period December 21, 2010 through January 11, 2016, S. Best

transferred $731,400 in assets from the Plan to the operating account of the Center and for the

benefit of the Center, including the following:

|   |   |   |
|---|---|---|
| a. | December 21, 2010 | $23,000.00; |
| b. | March 11, 2011 | $170,000.00; |
| c. | March 11, 2011 | $96,000.00; |
| d. | July 12, 2012 | $25,000.00; |
| e. | July 20, 2012 | $50,000.00; |
| f. | October 18, 2012 | $33,000.00; |
| g. | October 18, 2012 | $50,000.00; |
| h. | January 24, 2014 | $40,000.00; |
| i. | March 4, 2014 | $30,000.00; |
| j. | April 18, 2014 | $20,000.00; |
| k. | June 19, 2014 | $20,000.00; |
| l. | July 21, 2014 | $5,000.00; |
| m. | September 15, 2014 | $25,000.00; |
| n. | March 13, 2015 | $9,000.00; |
| o. | May 11, 2015 | $12,000.00; |
| p. | June 1, 2015 | $9,000.00; |
| q. | July 27, 2015 | $9,000.00; |
| r. | August 12, 2015 | $9,000.00; |
| s. | September 4, 2015 | $9,000.00; |
| t. | September 14, 2015 | $10,400.00; |
| u. | October 5, 2015 | $9,000.00; |
| v. | November 3, 2015 | $10,000.00; |
| w. | December 17, 2015 | $9,000.00; |
| x. | January 11, 2016 | $9,000.00. |

17.     During the period from November 12, 2015 through December 31, 2015, S. Best

transferred $24,000 in assets from the Plan for marketing services conducted by Openhill and its

owner, Todd McMeen for the benefit of the Center.  The transfers were as follows:

|   |   |   |
|---|---|---|
| a. | November 12, 2015 | $9,000.00; |
| b. | December 31, 2015 | $15,000.00; |

18.     The transfers of Plan assets, as described in paragraph 16-17 above, were not used

to provide benefits to the Plan's participants or pay Plan expenses.

19.     Based on the facts described in paragraphs 11 through 18 above, Defendants S.

Best and the Center:

        a.      failed to ensure that all assets of the Plan were held in trust and did not

inure to the benefit of the Center, in violation of  ERISA § 403(a) and (c)(1), 29 U.S.C.

§ 1103(a) and (c)(1); and

        b.      failed to act solely in the interest of the participants and beneficiaries and

for the exclusive purpose of providing benefits to participants and their beneficiaries and

defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A),

29 U.S.C. § 1104(a)(1)(A);

        c.      failed to discharge their duties with respect to the Plan solely in the

interest of the participants and beneficiaries and with the care, skill, prudence, and diligence

under the circumstances then prevailing that a prudent man acting in a like capacity and familiar

with such matters would use in the conduct of an enterprise of a like character and with like

aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

        d.      failed to discharge their duties in accordance with the documents and

instruments governing the Plan, in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D).

        e.      caused the Plan to engage in transactions that they knew or should have

known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in

interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

        f.      dealt with assets of the Plan in their own interest, in violation of ERISA

§ 406(b)(1), 29 U.S.C. § 1106(b)(1);

g.      acted on behalf of a party whose interests are adverse to the interests of the

Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29

U.S.C. § 1106(b)(2).

20.      As a direct and proximate result of the fiduciary breaches of Defendant S. Best

and the Center, the Plan suffered injury and losses for which they are personally liable and

subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT TWO

### (Transfers of Plan Assets to Parties in Interest)

21.      Paragraphs 1 through 15 above are realleged and incorporated herein by

reference.

22.      From at least July 11, 2014, through May 7, 2015, S. Best liquidated at least

$73,700 from the Plan's investment accounts and transferred said funds to the accounts of other

business entities owned by him.

23.      On or about July 11, 2014, through May 7, 2015, S. Best transferred $12,700

in assets from the Plan to an operating account of HCC, a party in interest, including the

following:

|     |              |            |
|-----|--------------|------------|
| a.  | July 11, 2014 | $6,000.00; |
| b.  | May 7, 2015   | $6,700.00. |

24.      On or about July 21, 2014, S. Best transferred $5,000.00 in assets from the Plan to

an operating account of Pathfinder, a party in interest.

25.      On or about September 29, 2014, through February 10, 2015, S. Best transferred

$56,000 in assets from the Plan to an operating account of GFPI, a party in interest, including the

following:

|     |                    |             |
|-----|--------------------|-------------|
| a.  | September 29, 2014 | $25,000.00; |
| b.  | October 6, 2014    | $11,000.00; |
| c.  | January 22, 2015   | $10,000.00; |

d.  February 10, 2015    $10,000.00.

26.  The transfer of Plan assets, as described in paragraphs 21 through 25 above, were not used to provide benefits to the Plan's participants or pay Plan expenses.

27.  Based on the facts described in paragraphs 21 through 26 above, Defendant S. Best:

    a.  failed to act solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    b.  failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

    c.  failed to discharge his duties in accordance with the documents and instruments governing the Plan, in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D).

    d.  caused the Plan to engage in transactions that he knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

    e.  dealt with assets of the Plan in his own interest, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1);

f.       acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

28.     Defendant Center is liable, pursuant to ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), for the breaches of fiduciary responsibility by a co-fiduciary, as described in paragraphs 21 through 26 above, because by failing to comply with ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), in the administration of its specific responsibilities which gave rise to its status as a fiduciary to the Plan, it enabled S. Best to commit breaches set forth in paragraphs 21 to 26 above.

29.     Defendant Center is liable, pursuant to ERISA §405(a)(3), 29 U.S.C. §1105(a)(3), for the breaches of fiduciary responsibility by co-fiduciary S. Best, as described in paragraphs 21 through 26 above, because it had knowledge of the breaches and failed to make reasonable efforts under the circumstances to remedy the breaches.

30.     As a direct and proximate result of the fiduciary breaches of Defendant S. Best and the Center, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT THREE
### (Loans to S. Best)

31.     Paragraphs 1 through 15 above are realleged and incorporated herein by reference.

32.     On October 6, 2014, the Center as the Plan Administrator caused the Plan to make a loan for $9,133.56 to S. Best ("October Loan").

33.     Participant loans are permissible under Article 8 of the Plan Document.

34.     The Plan Administrator is required to enforce any loan including the repayment thereof.

35.     On September 28, 2014, S. Best executed a promissory note (which was dated October 6, 2014) on his own behalf and on behalf of the Center with respect to the loan and quarterly payments on the loan were to begin on January 6, 2015, and would conclude on October 6, 2019.

36.     The October 6, 2014 promissory note established a 4.25% rate of interest.

37.     The October 6, 2014 promissory note stated that the loan would be immediately due and payable in the event of a default.

38.     On December 8, 2014, the Center as the Plan Administrator caused the Plan to make a loan for $15,000 to S. Best ("December Loan").

39.     On December 1, 2014, S. Best executed a promissory note (which was dated December 8, 2014) on his own behalf and on behalf of the Center with respect to the loan and quarterly payments on the loan were to begin on March 8, 2015, and would conclude on December 8, 2019.

40.     The December 8, 2014 promissory note established a 4.25% rate of interest.

41.     The December 8, 2014 promissory note stated that the loan would be immediately due and payable in the event of a default.

42.     S. Best never made any payment of principal or interest on either the October or December Loans.

43.     The Center never demanded any payment of principal or interest on either the October or December Loans.

44.     As alleged in paragraphs 31 through 43 above, Defendant Center:

9

a.  failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of the Plan's administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

b.  failed to discharge its duties with the requisite care, skill, prudence, and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

c.  failed to discharge its duties in accordance with the documents and instruments governing the Plan, in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D); and

d.  caused the Plan to engage in transactions which it knew or should have known constituted a direct or indirect lending of money or other extension of credit between the Plan and a party in interest, in violation of ERISA §406(a)(1)(B), 29 U.S.C. §1106(a)(1)(B).

45.  Defendant S. Best failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of the Plan's administration when he allowed the Plan to engage in the activities in paragraphs 31 through 43 above, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

46.  Defendant S. Best is liable, pursuant to ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), for the breaches of fiduciary responsibility by a co-fiduciary, as described in paragraphs 31 through 43 above, because by failing to comply with ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), in the administration of its specific responsibilities which gave rise to his status as a fiduciary to the Plan, he enabled the Center to commit breaches set forth in paragraphs 31 to 43 above.

47.     Defendant S. Best is liable, pursuant to ERISA §405(a)(3), 29 U.S.C. §1105(a)(3),

for the breaches of fiduciary responsibility by co-fiduciary the Center , as described in

paragraphs 31 through 43 above, because he had knowledge of the breaches and failed to make

reasonable efforts under the circumstances to remedy the breaches.

48.     As a direct and proximate result of the fiduciary breaches of Defendant S. Best

and the Center, the Plan suffered injury and losses for which they are personally liable and

subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Secretary prays for judgment:

A.     Permanently enjoining Defendants S. Best and the Center from violating the

provisions of Title I of ERISA;

B.     Ordering Defendants S. Best and the Center to make good to the Plan all losses,

including interest, resulting from fiduciary breaches committed by them or for which they are

liable;

C.     Requiring Defendants S. Best and the Center to disgorge all profits received as a

result of fiduciary breaches committed by such defendants;

D.     Ordering Defendants S. Best and the Center to correct the prohibited transactions

in which they engaged, plus interest;

E.     Permanently enjoining Defendant S. Best and the Center from acting as a

fiduciary or service provider to any ERISA-covered employee benefit plan;

F.     Removing Defendants S. Best and the Center from their positions as fiduciaries

with respect to the Plan;

G.     Appointing an independent fiduciary to administer the Plan;

H.      Order Defendants S. Best and the Center to pay all reasonable fees and expenses

incurred by the independent fiduciary in administering the Plan;

I.      Awarding the Secretary the costs of this action; and

J.      Ordering such further relief as is appropriate and just.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Margaret A. Sewell
**MARGARET A. SEWELL**
Senior Trial Attorney

P.O. Address:
Office of the Solicitor                                Attorneys for R. Alexander Acosta,
U.S. Department of Labor                               Secretary of Labor, United
230 South Dearborn Street                              States Department of Labor,
Eighth Floor                                           Plaintiff
Chicago, Illinois 60604
Telephone:  (312) 353-3481
Fax: (312) 353-5698
sewell.margaret@dol.gov
IL Bar No. 6243855